[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 30, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-13662
Non-Argument Calendar

_____

D.C. Docket No. 97-00010-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(March 30, 2004)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Rafael Moreno, pro se, appeals the district court's denial of the

government's motion for reduction of sentence brought pursuant to Federal Rule

of Criminal Procedure 35(b)(2). After review, we vacate the district court's denial and remand this case for further proceedings.

## I. BACKGROUND

The government has filed two Rule 35(b) motions in Moreno's case, but only the second Rule 35(b) motion is at issue in this appeal. We review the first motion and then the second one.

In 1998, Moreno was convicted of drug and money laundering crimes and sentenced to 130 months' imprisonment. Since being sentenced, Moreno has provided the government with information concerning criminal activity in Georgia. Although the information was helpful, the government did not believe that it rose to the level of substantial assistance. Accordingly, the government did not file a Rule 35(b) motion based on the information Moreno provided.

However, in October 2001, Isaias Ponce, a fugitive from justice, was apprehended.[1] Moreno agreed to cooperate with the government's prosecution of Ponce and to testify for the government at Ponce's trial. The government indicates Ponce pled guilty "[b]ased in part on Moreno's cooperation." Accordingly, in

---

[1]Ponce was one of the codefendants named in the indictment with Moreno. However, Ponce fled following his initial appearance and arraignment.

April 2002, the government filed a motion to reduce Moreno's sentence pursuant to Rule 35(b).

At the time the government filed its first Rule 35(b) motion in Moreno's case, Rule 35(b) restricted the government's sentence-reduction motions made one year or more after a defendant's sentence to circumstances where the defendant's "substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed." Fed. R. Crim. P. 35(b) (2002). Rule 35(b) read as follows:

> If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect the defendant's subsequent assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed <u>if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed</u>. . . .

Fed. R. Crim. P. 35(b) (2002) (emphasis added).

On April 17, 2002, the district court denied the government's Rule 35(b) motion "because Defendant's assistance was not based on information unknown to him during the year following his sentence." Although Moreno filed a notice of appeal, this Court dismissed Moreno's appeal for want of prosecution because Moreno failed to pay the docketing and filing fees.

Effective December 1, 2002, the Federal Rules of Criminal Procedure were amended. Rule 35(b) was amended to expand the types of circumstances under which the government may file a sentence-reduction motion more than one year after a defendant's sentencing. Rule 35(b) now reads:

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:

    (A)    the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

    (B)    reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

    (A)    information not known to the defendant until one year or more after sentencing;

    (B)    information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

    (C)    information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(1) - (2) (2003). In adopting the new rules, the United States Supreme Court stated that "the foregoing amendments to the Federal Rules of Criminal Procedure shall take effect on December 1, 2002, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and

4

practicable, all proceedings then pending." Order Amending Federal Rules of Criminal Procedure, 122 S. Ct. 127 (2002).

On June 5, 2003, based on the new Rule 35(b)(2), the government again filed a motion to reduce Moreno's sentence. On July 7, 2003, the district court denied the motion. In so doing, the district court made two separate determinations.

First, the district court noted that, under the Supreme Court's order, the new Rule 35(b)(2) would apply "in all proceedings in criminal cases . . . commenced" after December 1, 2002. The district court determined that this did not apply to Moreno because "the criminal proceedings against Defendant were obviously commenced prior to December 1, 2002." In making this determination, the district court appeared to focus on the date the government began its criminal case against Moreno, not the June 5, 2003 date on which the government filed its Rule 35(b)(2) motion.

Second, the district court noted that, under the Supreme Court's order, the new Rule 35(b) would be applied retroactively "insofar as just and practicable, [to] all proceedings then pending." The district court determined that this provision did not apply to the government's Rule 35(b) motion because "Defendant's Rule 35(b) proceeding was not pending on December 1, 2002."

5

Moreno appeals.

## II. DISCUSSION

The issue of whether the new Rule 35(b)(2) applies to the government's motion to reduce Moreno's sentence is an issue of first impression in this Circuit. Furthermore, the parties do not identify, nor were we able to find, any published opinion from any of our sister circuits dealing with this issue. However, after review of the amended rules and the Supreme Court's order adopting those rules, we conclude that the new Rule 35(b)(2) applies to the government's June 5, 2003 motion to reduce Moreno's sentence under Rule 35(b). We so conclude for the following reasons.

As noted above, the Supreme Court's order states that the "amendments to the Federal Rules of Criminal Procedure shall take effect on December 1, 2002, and shall govern in all proceedings in criminal cases thereafter commenced." Order Amending Federal Rules of Criminal Procedure, 122 S. Ct. 127 (2002). The district court interpreted the phrase "all proceedings in criminal cases" as meaning that the "criminal proceedings" against Moreno must have commenced after December 1, 2002. In essence, the district court determined that the government must have initiated its criminal case against Moreno after December 1, 2002, in

order for the new Rule 35(b)(2) to apply. We conclude that this is an incorrect application of the Supreme Court's order.

Rather, in the context of Rule 35(b),[2] we conclude that the proper reading of the Supreme Court's order is that the amended rules shall govern in "all proceedings in criminal cases" that are commenced after December 1, 2002. Therefore, if the government's filing of its June 5, 2003, motion to reduce Moreno's sentence constitutes a separate "proceeding" in his criminal case, then the new Rule 35(b)(2) applies. We conclude that the filing of a Rule 35(b)(2) motion does constitute a separate proceeding in Moreno's criminal case. We do so for the following reasons.

First, although no court explicitly has stated that a Rule 35(b) motion constitutes a separate proceeding, this and other circuits have referred to the filing of a Rule 35(b) motion as a "Rule 35 proceeding." See, e.g., United States v. Chavarria-Herrara, 15 F.3d 1033, 1036 n.4 (11th. Cir. 1994) ("For example, it makes no sense to suggest that Congress contemplated an appeal when the original sentence was imposed in violation of law, § 3742(a)(1) and (b)(1), but not when an illegal sentence was ordered in Rule 35 proceedings."); Oullettte v. United States,

_____

[2]We specifically do not address the applicability of the Supreme Court's April 2002 order to other Federal Rules of Criminal Procedure.

862 F.2d 371, 376 (1st Cir. 1988) ("Furthermore, it appears that during the subsequent immunity, civil contempt, and Rule 35 proceedings, petitioner never once indicated to the court that his plea had been induced by his attorney's misrepresentation as to a plea agreement with the government."); Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir. 1988) ("Because defendants who plead guilty have an opportunity to challenge their sentence directly and in Rule 35 proceedings, we hold that the cause and prejudice standard is applicable when these defendants attack their sentences by raising new issues for the first time in a section 2255 proceeding." (internal quotation marks, citations, and brackets omitted)); United States v. Moss, 591 F.2d 428, 438 (8th Cir. 1979) ("[T]he propriety of consecutive sentences for separate mail fraud offenses arising out of essentially a single scheme should be reconsidered by the district court in a Rule 35 proceeding."). By identifying different proceedings in a particular criminal case, these decisions support the proposition that a Rule 35(b)(2) motion is a separate proceeding from other proceedings in a criminal case.

Second, Black's Law Dictionary defines a proceeding as, in part, "any procedural means for seeking redress from a tribunal or agency." Black's Law Dictionary 1221 (7th Ed. 1999); see also Black's Law Dictionary 1368 (4th Ed. 1968) (defining a proceeding as "any application to a court of justice, however

8

made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object"). A Rule 35(b)(2) motion certainly falls within Black's definition of a proceeding.

We therefore conclude that the filing of a Rule 35(b)(2) motion is a separate "proceeding in a criminal case." Because the government filed its Rule 35(b)(2) motion after December 1, 2002, the new Rule 35(b)(2) governs.[3]

Consequently, we vacate the district court's order denying the government's motion to reduce Moreno's sentence and remand this case with instructions that the district court consider anew the government's second Rule 35(b)(2) motion to reduce Moreno's sentence.

VACATED and REMANDED with INSTRUCTIONS.

---

[3]We further note that our reading of the Supreme Court's order creates a parallel reading between the two situations in which the amended Rule 35(b) would be applicable.