**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 18, 2005[*]
Decided September 22, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD*, Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-4079

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 94 CR 787-1 |
| RAYNARD McDOWELL *Defendant-Appellant.* | Suzanne B. Conlon *Judge.* |

**O R D E R**

This appeal concerns Raynard McDowell's attempt to secure a sentence reduction under Federal Rule of Criminal Procedure 35(b).  McDowell contends that an assistant United States attorney in the Central District of Illinois promised to reward his cooperation in that district by using Rule 35(b) to reduce his sentence imposed in the Northern District of Illinois.  McDowell asked the sentencing court in the Northern District to compel the government to file a Rule 35(b) motion, but the court declined without explanation and without calling for a response.  We vacate that order and remand for further proceedings.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary.  Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

In December 1994, Chicago police caught McDowell moving nearly 100 kilograms of cocaine from his car into two other cars. McDowell admitted he had distributed the same amount of cocaine every month for five years while participating in a large-scale drug ring associated with the Gangster Disciples. He agreed to cooperate and provided the government valuable information at great risk to himself and his family. But as he later admitted, he also abused his position as an informant by planting false evidence in an attempt to frame a Gangster Disciple. McDowell's misconduct was discovered in time to thwart an unjust conviction, but as a consequence, the prosecution was unwilling to call him as a witness and so his value to the government was diminished. McDowell eventually pleaded guilty in the Northern District to distributing over 150 kilograms of cocaine and to money laundering. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 1956(a)(1)(B)(I). At sentencing in April 1995, the government moved for a substantial-assistance downward departure under U.S.S.G. 5K1.1 and asked the district court to sentence McDowell to a term 20 percent below the applicable guideline range of 292 to 365 months. The district court granted the motion, sentencing McDowell to 233 months' imprisonment.

McDowell's plea agreement with the Northern District contemplated his continuing cooperation "throughout and beyond the period of his sentence." McDowell complied, resulting in the seizure of $7 million in assets and the indictment of several of his former associates. In September 1996, more than a year after sentencing, the government in the Northern District moved for a reduction of McDowell's sentence under Rule 35(b). The AUSA requested a 53-month decrease based on the information McDowell provided after his arrest. The district court granted the motion, though it reduced McDowell's sentence by only 12 months to 221 months.

Chagrined that the district court declined to shave more time off his original sentence, McDowell appealed. We pointed out that, under the version of Rule 35(b) then in effect, the motion was filed outside the one-year deadline for motions premised on information known to the defendant before sentencing. *See United States v. McDowell*, 117 F.3d 974, 979 (7th Cir. 1997). Because we could not tell from the record when McDowell acquired the information on which the Rule 35(b) motion was based, we remanded to the district court for further factual development. *See id.* at 978, 980. On remand the district court asked the parties to provide evidence that the motion fell within the exception for after-acquired evidence, but neither party responded. Thus concluding that it never had the authority to grant the reduction, the district court in October 1997 reinstated the original sentence of 233 months.

The AUSA for the Northern District filed another Rule 35(b) motion in April 1998. This time the AUSA contended that McDowell was entitled to a further reduction based on his "vicarious cooperation" in persuading his child's mother, Naseen Soldana, to testify in another prosecution about drug transactions she had witnessed. McDowell had also witnessed these transactions and disclosed the information to authorities, but the government was unwilling to put him on the stand because of

concerns about his credibility. The government contended that this motion was timely, despite the fact that the information was known and disclosed by McDowell before his sentencing, because the motion "could not have been made before Soldana actually testified." The district court declined to grant the motion. The court not only rejected the government's argument that it met the one-year limitation, but also observed that neither party had provided legal support for the "vicarious cooperation" theory.

Six years later, in October 2004, McDowell filed a *pro se* motion in the Northern District asking the sentencing court to compel the government to file a third Rule 35(b) motion. In his motion McDowell alleges that an AUSA in the Central District of Illinois welshed on a promise to get his sentence reduced by 25 percent under Rule 35(b) in exchange for his cooperation in that district's investigation and prosecution of Cornelius Lee. We take the facts as McDowell describes them in the verified motion.

McDowell was in Florida serving his Northern District sentence when he was contacted in 1998 by DEA Special Agent Bump, who was leading the Cornelius Lee investigation. Bump proposed that if McDowell would provide information that proved "useful in their arrest or conviction of Lee, a Rule 35(b) motion would be filed with the court . . . in favor of a reduction of his federal sentence." McDowell conveyed his acceptance through Bump and was then moved to Peoria, Illinois, where he was debriefed by Bump and AUSA Westphal from the Central District. McDowell provided "very detailed" information about Lee and was then asked to testify before a grand jury in the Central District; AUSA Westphal promised that McDowell's "assistance would be rewarded by the AUSA's office filing a Rule 35(b) motion with the district court." After McDowell testified, Bump and Westphal told him he did "'a great job' and that the AUSA's office would be filing the promised Rule 35(b) motion with the district court where [he] had been sentenced." McDowell was returned to Florida, and after Lee was indicted McDowell contacted Agent Bump to inquire about the Rule 35(b) motion. Bump told McDowell that a motion would be forthcoming once Lee was arrested and it was known whether he intended to go to trial. When Lee pleaded guilty in 1999, Bump "again assured" McDowell that the motion would be filed based on his grand jury testimony. However, in a telephone conversation on June 15, 2004, Bump informed McDowell that a new AUSA had taken over for Westphal and refused to pursue a Rule 35(b) motion because "McDowell was not called back to provide testimony at Lee's criminal trial."

In his motion to compel, McDowell argued in part that AUSA Westphal had "obligated" the government to file the motion by inducing his cooperation through the promise of a reduced sentence. According to McDowell, Westphal had "bargained away" the government's "discretionary powers under the terms of the agreement." McDowell contended that the government's "irrational refusal" to seek a reduction on his behalf violated his due process rights because the decision was unrelated to any legitimate government purpose, was motivated by bad faith, and constituted an abuse of its discretion.

The district court did not invite a response from the government in either the Northern or Central Districts and denied McDowell's motion to compel without any explanation. The district court might have presumed that no motion under Rule 35(b) could be granted because of the same timeliness problem encountered twice before. But Rule 35(b) changed substantially in the interim between the court's previous rulings and McDowell's present motion. The December 2002 amendment to the rule added two additional exceptions to the existing exception for motions filed outside of the one-year limitation. The government may now file a motion under Rule 35(b) more than a year after sentencing if any of the following conditions are met:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

*See* Fed. R. Crim. P. 35(b)(2). We cannot tell whether the new exceptions might apply to McDowell's cooperation because we do not know from the record whether he disclosed what he knew about Lee to investigators in the Northern District, or whether Lee was even a subject of interest to prosecutors in the Northern District.

On appeal McDowell renews his arguments that the AUSA in the Central District promised him a reduction under Rule 35(b) in exchange for debriefing and testifying before the grand jury. He contends that the district court erred in failing to compel the government to follow through on that promise. McDowell concedes, however, that AUSA Westphal, because he was acting for the Central District, was not in a position to guarantee that McDowell's sentence would be reduced since it was imposed in the Northern District.

The government—through the United States Attorney for the Northern District—responds narrowly. It does not contend that McDowell would not be able to avail himself of the new version of Rule 35(b) that took effect after his cooperation, and so we express no opinion on the matter. *See United States v. Moreno*, 364 F.3d 1232, 1234-35 (11th Cir. 2004) (holding that Supreme Court order providing for application of new version of rule to all cases "pending" as of December 1, 2002, means that any Rule 35(b) motion filed after that date benefits from expanded time limit). Neither does the government contend that prosecutors in the Northern District were not obligated or willing to follow through on a promise made by an AUSA for the Central

District. *See United States v. Ingram*, 979 F.2d 1179, 1184-85 (7th Cir. 1992) (holding that unambiguous plea agreement between District of Colorado and defendant was not binding on prosecutors in other districts). Nor does the government contend that McDowell's purported agreement with AUSA Westphal would be unenforceable for some other reason.

What the government does argue is that McDowell's agreement with the Central District allowed prosecutors there to decide whether his assistance was substantial, and to withold a motion under Rule 35(b) if they concluded it was not. But that is no answer because it ignores McDowell's allegation that AUSA Westphal in the Central District agreed that a Rule 35(b) motion *would* be filed if McDowell debriefed and testified before the grand jury in the Lee investigation, which he did. The government is certainly correct that it can reserve for itself the question whether a defendant's assistance has been substantial; that is the norm. *See United States v. Kelly*, 337 F.3d 897, 902 (7th Cir. 2003); *United States v. Jones*, 209 F.3d 991, 998 (7th Cir. 2000). But, as we have recognized, the government can also bargain away its discretion. *See United States v. Lezine*, 166 F.3d 895, 900-03 (7th Cir. 1999); *United States v. Burrell*, 963 F.2d 976 (7th Cir. 1992). And that is what McDowell claims happened here.

The government concedes that if we do not accept its position then the proper remedy is to remand this case to the district court. *See United States v. Frazier,* 213 F.3d 409, 419 (7th Cir. 2000) (remanding for evidentiary hearing to determine whether government was required to move for 5K1.1 reduction as promised in plea agreement). We agree that a remand is the appropriate course. McDowell's verified motion is specific enough to provide a "sufficient threshold showing" to allow for further inquiry. *See Wade v. United States*, 504 U.S. 181, 185-87 (1992). McDowell's allegations may be untrue or inaccurate, or the government may have a sound basis for its decision not to file a Rule 35(b) motion. If his allegations are true, we see no apparent reason that the agreement should not be given effect and his assistance rewarded.

The district court's order denying McDowell's motion to compel is VACATED, and the case is REMANDED for further proceedings.