NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0265n.06
Filed: April 10, 2007

No. 06-1154

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RONALD CORNELIOUS HEMPHILL, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: ROGERS and GRIFFIN, Circuit Judges; and RUSSELL, District Judge.***

**PER CURIAM.** Ronald Cornelious Hemphill pleaded guilty to possessing with intent to distribute and distributing cocaine base. In the plea agreement, Hemphill promised to provide assistance to law enforcement, and, in return, the Government promised to evaluate such assistance in good faith in determining whether to recommend an offense-level reduction based on substantial assistance under U.S.S.G. § 5K1.1. Because the Government did not determine whether Hemphill provided substantial assistance and instead merely refused to file a § 5K1.1 motion, we reverse Hemphill's sentence and remand for resentencing.

**Background**

---

*The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

In January and February of 2005, Hemphill sold powder and crack cocaine to two individuals, a confidential informant and an officer of the Michigan State Police. On March 17, 2005, a grand jury returned an indictment against Hemphill, charging him with possession with intent to distribute and distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii) (Count One) and possession with intent to distribute and distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii) (Count Two).

On August 9, 2005, Hemphill pleaded guilty to Count Two of the indictment pursuant to a written plea agreement. In the plea agreement, Hemphill agreed to plead guilty to Count Two of the indictment and agreed "to fully cooperate with the Drug Enforcement Administration, the Michigan State Police, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the changes contained in [the] indictment or any Superseding indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction." JA 23 (Plea Agreement ¶¶ 1,5). The plea agreement required Hemphill "to voluntarily come forward with any and all information which [he] should reasonably know will assist in the investigation of other criminal activity." JA 24 (Plea Agreement ¶ 5). In exchange, the Government agreed to move to dismiss Count One of the indictment and "to make a good faith evaluation of [Hemphill's] cooperation under this agreement in determining whether to file a motion for reduction of sentence pursuant to U.S.S.G. 5K1.1 and/or Federal Rule of Criminal Procedure 35(b)." JA 25 (Plea Agreement ¶ 6A,D). The plea agreement went on to state the following:

> The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determination of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the Government to file such a motion, but, rather, a promise to use good faith in evaluating the Defendant's assistance to the Government in the prosecution of others to determine whether a motion should be filed. . . .

JA 25 (Plea Agreement ¶ 6.D).

On January 10, 2006, Hemphill was sentenced. At the sentencing hearing, the Government told the court that Hemphill cooperated with law enforcement officers, but that the Government would not file a § 5K1.1 motion for substantial assistance because officers did not take the time to verify the information that Hemphill provided:

> I was just going over this morning the information the defendant had given to the law enforcement officers in the form of a proffer last May. And as I'm going over it, it's very rich in detail about his past involvement. . . .

> I'm surprised that law enforcement didn't do a lot more with the information that he gave, and I suspect it's because it was given to local law enforcement officers. There were no DEA agents in Lansing at the time that would follow up on it, and the information dealt with drug trafficking in Chicago and some people that were caught in Nebraska. So there is no 5K motion, but I want the Court to know that defendant, I believe, was extremely candid . . . .

After disposing of an objection not relevant to this appeal, the district court sentenced Hemphill to 140 months of imprisonment—the bottom of the guideline range of 140 to 175 months.

**Discussion**

As an initial matter, this court may review whether the Government breached the plea agreement notwithstanding the fact that Hemphill waived his right to appeal in that agreement. For example, in *United States v. Swanberg*, 370 F.3d 622, 625-29 (6th Cir. 2004), this court permitted a defendant to contend on appeal that the government breached a plea agreement notwithstanding the fact that the defendant knowingly and voluntarily waived his right to appeal. Thus, the fact that Hemphill waived his right to appeal is not an impediment to this court's review of whether the Government breached the plea agreement.

Because Hemphill failed to object at his sentencing hearing to the Government's purported breach of the plea agreement, we review the issue of whether the Government breached the plea agreement for plain error. *See Swanberg*, 370 F.3d at 627. Under plain error review, this court reverses only if "(1) there is an error; (2) that is plain; (3) which affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* (internal quotations omitted). Where the government's breach of a plea agreement results in a defendant receiving a higher sentence than he otherwise would have had the government not breached the agreement, the error affects the defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 628-29. This is true here even though had the Government exercised discretion, it might not have filed a § 5K1.1 motion, and even had the Government filed the motion the judge might not have followed the Government's recommendation. *See United States v. Barnes*, 278 F.3d 644, 648-49 (6th Cir. 2002). Thus, plain

error review in this case collapses into an inquiry of whether the Government plainly breached the plea agreement.

The Government breached its duty under the plea agreement to decide whether Hemphill's cooperation and assistance constituted "substantial assistance." Even when the government retains discretion in deciding whether a defendant provided substantial assistance, the government must exercise that discretion and cannot simply decline to file a § 5K1.1 motion. In *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002), defendants provided information to the government that led to the prosecution of individuals previously unknown to the government. The plea agreement required the government to file a § 5K1.1 motion if, in the government's sole discretion, the defendants provided "substantial assistance in the investigation or prosecution" of others. *Id.* at 908. After the government initially concluded that defendants had provided substantial assistance, defendants were caught smoking marijuana in prison and the government decided not to file § 5K1.1 motions because defendants no longer would be credible witnesses in the trials of others. *Id.* at 911. This court remanded for resentencing because the government "did not determine whether the defendants satisfied their duties with respect to parts of the plea agreement," i.e., the parts requiring the government to file § 5K1.1 motions if the defendants provided assistance in the investigation of suspects (not merely the prosecution). *Id.* at 912-13. Importantly, the court noted that even though the government had "complete discretion" to determine whether defendants provided substantial assistance, the government still "had to analyze and determine whether substantial assistance had been rendered; they could not simply leave the question unanswered." *Id.* at 912.

The Government here had a similar obligation to evaluate Hemphill's cooperation and assistance and determine whether Hemphill provided substantial assistance. There is no indication that the Government made such a determination, only that the Government declined to file a § 5K1.1 motion. Under *Lukse,* the government must conclude that the defendant did not offer substantial assistance before declining to file a § 5K1.1 motion. 286 F.3d at 912; *see also United States v. Quach*, 302 F.3d 1096, 1100, 1002-03 (9th Cir. 2002) (noting that the government "failed to make the requisite determination of whether" the defendant provided substantial assistance where the government failed to file a motion under § 5K1.1 because a co-defendant's case was ongoing and the government claimed that the defendant had therefore not completed his cooperation). Thus, because the Government here failed to evaluate Hemphill's cooperation and assistance and determine that Hemphill did not provide substantial assistance, it breached the plea agreement's requirement that it exercise discretion.

## Conclusion

For the foregoing reasons, we REVERSE Hemphill's sentence and REMAND the case so that the Government can evaluate in good faith the assistance that Hemphill provided, determine whether that assistance was "substantial," and decide whether to make a motion for an offense-level reduction based on U.S.S.G. § 5K1.1.