*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0249p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

  *v.*

No. 05-6838

ALDRICH S.V. VILLAREAL, a.k.a. Rigoberto O. Barrios,

  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 04-00079—J. Ronnie Greer, District Judge.

Argued: May 31, 2007

Decided and Filed: June 29, 2007

Before: MOORE and GRIFFIN, Circuit Judges; McKINLEY, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Caryn L. Hebets, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee. **ON BRIEF:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Guy W. Blackwell, ASSISTANT UNITED STATES ATTORNEY, Greenville, Tennessee, for Appellee.

_____

## OPINION

_____

GRIFFIN, Circuit Judge. Defendant Aldrich Salvador Vellejo-Villareal was indicted on a one-count indictment charging him, and eight co-defendants, with the distribution and possession with the intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Later, Villareal pleaded guilty to the charge pursuant to a plea agreement that states, in pertinent part: "If, in the sole discretion of the United States, the defendant provides substantial assistance, the United States *will* make a motion for downward departure pursuant to 5K1.1 of the

---

[*] The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Sentencing Guidelines or 18 U.S.C. § 3553(e), or both . . ." (emphasis added).[1]  At the sentencing hearing, the government did not move for a downward departure.  Subsequently, Villareal was sentenced to 120 months' imprisonment and a five-year term of supervised release.

Defendant  timely appealed his sentence and the order of the district court denying his motion to compel the government to file a motion for a downward departure.  On appeal, Villareal argues that the government breached its obligation pursuant to the plea agreement to move for a downward departure in return for the substantial assistance he provided.

For the reasons set forth below, we remand for a new hearing during which the government shall advise the district court of its factual determination, made in its sole discretion, whether defendant's assistance was "substantial assistance."  In the event the government determines and advises the court that defendant's assistance was substantial assistance, the district court is instructed to grant defendant's motion to compel, vacate defendant's sentence, and resentence defendant.  In the event the government determines and advises the court that defendant's assistance was not substantial assistance, the district court is instructed to deny defendant's motion to compel.

I.

Prior to sentencing, Villareal filed a motion to compel the United States to file a motion for a downward departure based upon his alleged substantial assistance.  He claimed that, as a result of his assistance, another key defendant charged in the conspiracy pleaded guilty.  Specifically, he asserted that co-defendant Mariano Tapia decided to plead guilty as a direct result of Villareal's cooperation.  In his motion to compel, Villareal argued that "[t]he failure of the United States to file a motion for a downward departure amounts to a violation of the Due Process Clause, the Equal Protection Clause and the Cruel and Unusual Punishment Clause of the U.S. Constitution, and is in breach of the terms of the plea agreement."  Further, Villareal stated that the refusal to file the downward departure "is tainted with an undeniably improper motive, an unconstitutional motive, and is 'not rationally related to a legitimate government end.'"  He argued that he had "in all material respects provide[d] substantial assistance to the United States in its prosecution of . . . Mario Tapia," but nevertheless, the United States refused to file a motion because he was subpoenaed, and ultimately testified, at the trial of a co-defendant who was ultimately acquitted. Villareal further requested that the district court hold an evidentiary hearing to determine the basis for the government's refusal to file a motion for a downward departure.

Without holding a hearing, the district court denied Villareal's motion to compel.  In doing so, the district court relied upon *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000), and explained:

> [B]ecause the plea agreement in this case allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, this Court may only review the government's decision for unconstitutional motives. Although the defendant states in his memorandum that he has "passed the initial threshold test of a *prima facie* showing of an unconstitutional motive," this assertion is conclusory, and in fact he has failed to even allege any specific unconstitutional motive such as race or religion.

At the November 7, 2005, sentencing hearing, the district court first asked the government for its position regarding a reasonable sentence, and the government recommended a sentence at the

---

[1]Section 5K1.1 of the Sentencing Guidelines provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  U.S.S.G. § 5K1.1.

lower end of the Guidelines range, 121 months. Defendant's counsel then stated that "there is one offer of proof I think the United States and I would agree to enter before the court, and that is that Mr. Villareal did provide substantial assistance with regard to the [sic] Mariano Tapia," and that Tapia had advised the government that Tapia's decision to plead guilty resulted from Villareal's cooperation. The government made no response to defense counsel's statement.

Following concerns expressed by defense counsel, the proceeding was continued and reconvened on November 21, 2005. At this hearing, the government advised the district court that:

> Mr. Villareal provided information to us that assisted the government relative to Mariano Tapia. After considering the entire facts of Mr. Villareal's case, the government, in its discretion, decided not to provide the downward departure motion; however, we believe that the court should consider that particular portion in determining the appropriate sentence.

Again, defense counsel stated that Villareal provided substantial assistance, and the sole reason that the government refused to file the motion was because "he testified in the Jamie Vargas case."

At the conclusion of the reconvened sentencing hearing, Villareal was ultimately sentenced to the statutory minimum sentence of 120 months' imprisonment, and a five-year subsequent term of supervised release. This timely appeal followed.

## II.

Villareal contends that the district court's refusal to compel the government to file a motion for a downward departure is error requiring reversal. In support of his argument, Villareal relies upon *United States v. Lukse*, 286 F.3d 906 (6th Cir. 2002), for the proposition that, although his plea agreement provides that the government has the sole discretion to determine whether defendant furnished substantial assistance, once such a determination is made, the government has no discretion regarding its obligation to file a motion for a downward departure.

A district court's ruling on whether the government's conduct violated the plea agreement is a question of law. On appeal, we review the issue de novo. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000).

Plea agreements are contractual in nature, and thus, in general, we utilize traditional principles in their interpretation and enforcement. *Lukse*, 286 F.3d at 909. However, for plea agreements that afford the government "complete discretion" to file a motion for a downward departure, we limit our review to unconstitutional motives. *See Moore*, 225 F.3d at 641. Unlike some of our sister circuits, *see e.g. United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992) and *United States v. Jones*, 58 F.3d 688, 692 (D.C.Cir. 1995), we do not review for bad faith when the decision to file a motion vests within the sole discretion of the government. *See United States v. Hawkins*, 274 F.3d 420, 428 (6th Cir. 2001) ("[B]ecause the defendant's plea agreement afforded the government 'complete discretion' to determine whether to file a motion for downward departure, the panel 'may review the government's refusal only for unconstitutional motives.'")(quoting *Moore*, 225 F.3d at 641).[2]

In the present case, the district court ruled that because the plea agreement afforded the government complete discretion whether to file a motion for a downward departure, the only ground for reviewing the government's actions was an unconstitutional motive, which Villareal did not

---

[2]*Hawkins* also elaborated on the strictly construed nature of our plea agreement review and advocated that we reexamine this issue en banc. *Hawkins*, 274 F.3d at 427-34.

allege. We disagree. The determinative issue is not whether the government possessed complete discretion to determine if Villareal provided substantial assistance, but whether the government made a determination regarding the substantiality of Villareal's assistance. We hold that, on this record, it did not.

In *United States v. Lukse*, the two defendants and the government entered into a plea agreement that was substantially similar to the agreement in the present case. In *Lukse*, like the present case, the government represented to the district court that the defendants provided "some assistance" by giving the government previously unknown information that led to the investigation, arrest, and indictment of several other individuals. *Lukse*, 286 F.3d at 909. Prior to sentencing, however, the defendants were caught smoking marijuana in jail, and, consequently, the government decided not to file downward departure motions because the defendants had lost their credibility as trial witnesses. *Id.* The *Lukse* defendants filed a motion to compel the government to file substantial assistance motions, but the district court refused, concluding that there was no evidence that the government acted upon unconstitutional motives. *Id.*

On appeal, we reversed and remanded, stating:

*Moore* and *Benjamin*'s instruction that there is no review for bad faith only means that if the Appellants had provided undeniably effective assistance, the government could ignore this help and surreptitiously claim that substantial assistance had not been rendered. *Once substantial assistance was acknowledged, however, the government was required to file the motion.*

*Lukse*, 286 F.3d at 912 (emphasis added).

In the present case, the government contends that *Lukse* is inapposite because the plea agreement in *Lukse* provided that the United States would advise the district court whether the defendant furnished substantial assistance "in the investigation or prosecution of another person who has committed an offense." *Id.* at 912. Here, there is no distinction between the "investigation" versus the "prosecution" of another person; the plea agreement states simply, "[i]f, in the sole discretion of the United States, the defendant provides substantial assistance, the United States will make a motion for downward departure." The salient point is that in both *Lukse* and the instant case, the government acknowledged that the defendant provided "some assistance," but did not make known its determination, if any, whether that assistance was substantial.

On this issue, *Lukse* held:

[A]lthough the government had complete discretion to determine if the Appellants had rendered substantial assistance, the agreement still imposed certain restraints on them. *First, they had to analyze and determine whether substantial assistance had been rendered; they could not simply leave the question unanswered.* Second, if the government decided not to file the motion, they had to establish the Appellants' breach of the plea agreement, as *Benjamin* holds that it is their burden. Third, if they determined that substantial assistance had been rendered in either the prosecution or investigation of other suspects, they were required to file the motions. The plea agreement stated that, "[i]f, in the sole discretion of the United States, the Defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States *will* make a motion for downward departure[.]" (emphasis added). Any other conclusion would make such plea agreements completely illusory and violate the Supreme Court's dictates on the issue of plea agreements. *See e.g. Mabry v. Johnson*, 467 U.S. 504, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1983); *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

*Lukse*, 286 F.3d at 912-13 (emphasis added).

Like *Lukse*, Villareal's plea agreement provides that if "defendant provides substantial assistance, the United States *will* make a motion for downward departure pursuant to 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e)." (Emphasis added.)  Pursuant to the instruction of *Lukse*, this obliges the government to "analyze and determine whether substantial assistance had been rendered; they could not simply leave the question unanswered." *Lukse*, 286 F.3d at 912.

Here, the government did *not* state that substantial assistance was *not* rendered by defendant. Rather, it left the court to assume or infer this by its refusal to file a motion for downward departure. This ambiguity is unnecessary, confusing, and contrary to the plea agreement.  Thus, we hold that the government is required to advise the court and defendant of its factual determination of whether defendant provided substantial assistance.

Our holding is consistent with our recent, albeit unpublished, decisions, including *United States v. Hemphill*, No. 06-1154, 2007 WL 1091951, *3 (6th Cir. April 10, 2007) (unpublished), in which we reiterated that "[e]ven when the government retains discretion in deciding whether a defendant provided substantial assistance, *the government must exercise that discretion* and cannot simply decline to file a § 5K1.1 motion." (Emphasis added.)  Also *see United States v. Newman*, 85 F. App'x 488 (6th Cir. 2004) (unpublished).  Although *Hemphill* and *Newman* are unpublished decisions and thus not precedentially binding under the doctrine of stare decisis, *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir. 2007); *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007), we nonetheless find them persuasive.

The government states in its appellate brief that "[t]here was no question that the United States exercised its discretion and made a decision that defendant had not provided substantial assistance and that it communicated that decision to the district court."  However, the record does not support such a declaration.  At the sentencing hearing, the Assistant U.S. Attorney said simply:

Mr. Villareal provided information to us that assisted the government relative to Mariano Tapia.  After considering the entire facts of Mr. Villareal's case, the government, in its discretion, decided not to provide the downward departure motion; however, we believe that the court should consider that particular portion in determining the appropriate sentence.

This statement can be read one of two ways:  either (1) Villareal assisted the government, but nevertheless, it was not substantial; or (2) Villareal provided assistance (substantial or not), but regardless, the government still chose not to file a motion for downward departure.

We decline to engage in a broad reading of the government's ambiguous statement.  On this record, it is unclear whether the government exercised its discretion in deciding whether defendant provided substantial assistance.  Accordingly, we remand for the government to "analyze and determine whether substantial assistance had been rendered[,]" as "they could not simply leave the question unanswered." *Lukse*, 286 F.3d at 912.

### III.

Alternatively, the United States requests that we affirm Villareal's sentence on the ground that he "breached the plea agreement by testifying falsely at Vargas' trial and the United States was relieved of any obligation under the plea agreement."  However, the government cites nothing in the record to support this statement.  Accordingly, we conclude that the government has abandoned this issue. *United States v. Johnson*, 430 F.3d 383, 397 (6th Cir. 2005) (observing that "it is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived.") (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV.

For these reasons, we remand for further proceedings consistent with this opinion.