NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0450n.06

Case No. 15-2262

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 04, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )        ON APPEAL FROM THE UNITED
v.                                           )        STATES DISTRICT COURT FOR
                                             )        THE EASTERN DISTRICT OF
SAMSON WRIGHT,                               )        MICHIGAN
                                             )
        Defendant-Appellant.                 )
                                             )
                                             )

BEFORE: SILER, GIBBONS, and COOK, Circuit Judges.

**SILER**, Circuit Judge. Defendant Samson Wright appeals his 200-month sentence for arson on the grounds that the Government failed to honor his plea agreement, and that his sentence is vindictive and both procedurally and substantively unreasonable. For the following reasons, we **AFFIRM**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Wright was indicted for maliciously using fire to damage a building, resulting in injury to seven firefighters—one of whom was rendered paralyzed. At the request of a store owner, Wright and his associate Calvin Jones used gasoline to ignite the building in question, and the firefighters were injured by the collapse of a second story brick façade. Wright admitted his guilt and, after signing a cooperation plea agreement with the Government, pled accordingly. The

agreement provided that the mandatory minimum sentence of 84 months' imprisonment would be the maximum sentence that the district court would impose.

At sentencing, however, the prosecutor proceeded in apparent disregard of the plea agreement, calling for a sentence well above the mandatory minimum in light of the injuries inflicted. The prosecutor indicated that the Government would have sought a sentence of 25 years, but instead proposed a sentence of 10 to 15 years based on Wright's cooperation (in particular his testimony at Jones's trial). Wright's attorney, on the other hand, requested leniency from the district court based on Wright's remorse, and asked the court to sentence him at the mandatory minimum. Ultimately, the district court sentenced Wright to 15 years.

Wright did not inform the district court that he thought the sentence violated his plea agreement, but he pursued a direct appeal. On appeal, the Government conceded error, acknowledging that the terms of the plea agreement capped the sentence to 84 months. This court remanded the case to allow the district court to decide whether to accept the plea agreement and to sentence Wright accordingly. *United States v. Wright*, No. 11-2500 (6th Cir. Apr. 24, 2013). However, the district court rejected the plea agreement and Wright withdrew his plea. Around that same time, this court reversed Jones's conviction, *United States v. Jones*, 554 F. App'x 460, 466–70 (6th Cir. 2014), and Wright refused to testify against Jones at the retrial.

In 2015, Wright pleaded guilty a second time, though without a plea agreement. The district court sentenced him to 200 months' imprisonment, 20 months more than his original sentence.

## DISCUSSION

### I.       Wright's Rejected Plea Agreement

Wright asserts that the Government used the plea agreement as a "trap" to secure his cooperation while never planning to honor the agreement. However, in circumstances where the Government breached a plea agreement, the proper relief is to remand the case to permit the trial court to decide whether to accept the plea agreement. *See United States v. Carr*, 170 F.3d 572, 576 (6th Cir. 1999); *cf. Lynch v. Overholser*, 369 U.S. 705, 719 (1962) (stating that there is no absolute right for a criminal defendant's plea agreement to be accepted by a court).

On remand from the first appeal, Wright had the option of withdrawing his plea if it was denied by the district court. *See Carr*, 170 F.3d at 576. Wright exercised this option.[1] The plea agreement was honored by the Government, yet it was rejected by the district court, which eliminated the role of the plea agreement in any further proceedings. Thus, Wright's relief has already been granted with respect to this claim.

Wright also asserts that the Government was required at the second sentencing hearing to seek either a downward departure in accordance with USSG § 5K1.1, or a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35, because of his substantial assistance.

---

[1] As to Wright's claim that the plea agreement was a "trap" utilized by the Government to secure his cooperation, the Government did not gain anything from his cooperation that could be used against him—given that he confessed to the arson days after the fire. Wright cites *United States v. Villa-Vazquez*, 536 F.3d 1189, 1200 (10th Cir. 2008), as support for the assertion that the Government is bound by the plea agreement because of his post-acceptance reliance. Not only is this case not binding this circuit, but Wright has failed to establish that he detrimentally relied upon the plea agreement. Wright's guilty plea did not provide prejudicial information to the district court affecting his substantial rights. *See United States v. Wells*, 211 F.3d 988, 994 n.3 (6th Cir. 2000) ("If [defendant] substantially relied on the plea agreement, or was prejudiced by providing information which the government used in its ongoing investigation or at trial, we think that the contract would be—in the absence of breach by [defendant]—binding on the government.").

However, the cooperation agreement states that "it is exclusively within the [G]overnment's discretion to determine whether defendant has provided substantial assistance." When the Government has complete discretion to file a motion for downward departure, review is limited to unconstitutional motives. *See Wade v. United States*, 504 U.S. 181, 185–86 (1992); *United States. v. Villareal*, 491 F.3d 605, 608 (6th Cir. 2007). Furthermore, this circuit does not review for bad faith when the Government has discretion on whether to file a motion for a downward departure. *Villareal*, 491 F.3d at 608.

The Government could reasonably determine that Wright did not ultimately provide substantial assistance. Although Wright describes his cooperation with the Government as "badly needed and valuable," he had already confessed to his role in the crime, and he refused to testify in Jones's retrial after Jones's conviction was reversed.[2] Accordingly, filing a motion for downward departure was unwarranted, and Wright has failed to establish any unconstitutional motive on the Government's part.

Wright is not entitled to specific performance of his plea agreement. The proper remedy for the plea agreement was already granted—it was remanded to the district court for consideration. Nor was the Government required to move for a downward departure.

## II.     The Reasonableness of Wright's Sentence

### A.     Vindictiveness

Wright claims that the 20-month extension of his sentence was ordered as a vindictive measure by the district court. Specifically, he alleges that if a more severe sentence is imposed after an appeal, the reasons for the harsher sentence must be identified on the record and be

---

[2] Furthermore, showing assistance is not enough for Wright to obtain relief. *See Wade*, 504 U.S. at 187. A decision to not move for assistance can be based on a cost-benefit analysis of the likelihood of the motion succeeding, rather than the failure of a defendant to assist the Government. *Id.*

"based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969). Moreover, he asserts that the more severe sentence gives rise to a presumption of vindictiveness. *See United States v. Jackson*, 181 F.3d 740, 744 (6th Cir. 1999).

However, this "presumption of vindictiveness 'do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial'" or resentencing. *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (alteration in original) (quoting *Texas v. McCullough*, 475 U.S. 134, 138 (1986)). Only when there is a "reasonable likelihood" of actual vindictiveness does the burden shift to the Government to prove that the sentencing was not vindictive. *Id*. Whether *Pearce* applies is determined by examining particular circumstances on a case-by-case basis. *See McCullough*, 475 U.S. at 138–40.

Wright asserts that the most likely explanation for an increased sentence is that the district court wished to avoid going to the trouble of holding a second trial. This assertion is based on pure speculation, however, and Wright has failed to point to any remark by district court or other evidence in the record supporting this conjecture—or otherwise reflecting a reasonable likelihood of actual vindictiveness. Furthermore, the district court relied upon objective information concerning Wright's conduct when sentencing him, including the physical injury and property damage he caused, which makes it apparent that his sentence was not the result of vindictiveness.[3] USSG §§ 5K2.2, 5K2.5; *United States v. Johnson*, 715 F.3d 179, 182

---

[3] Moreover, Wright's refusal to cooperate with the Government after his first sentence provides information about his character which can be considered by the district court during sentencing. *See Smith*, 490 U.S. at 801 ("The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation . . . . [A]fter trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present." (citation omitted)).

(6th Cir. 2013). Since there is no reasonable likelihood of actual vindictiveness, the *Pearce* presumption of vindictiveness does not apply; and since Wright has failed to establish that his 200-month sentence was vindictive, this claim must fail.

### B. Procedural and Substantive Reasonableness

Additionally, Wright disputes the procedural and substantive reasonableness of his sentence. We consider both the procedural and substantive reasonableness of a sentence under an abuse of discretion standard, regardless of whether the sentence falls inside or outside of the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bass*, 785 F.3d 1043, 1050 (6th Cir. 2015).

The district court properly considered Wright's circumstances, and his sentence is procedurally reasonable. Although the court did not explicitly examine each factor listed in 18 U.S.C. §3553(a), it reviewed the file and took Wright's circumstances into consideration when ordering the sentence. When—as here—a defendant does not request that the court examine particular characteristics or clarify its reasoning, a court is not required to individually examine the § 3553(a) factors. *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (citing *Rita*, 551 U.S. at 358). The district court stated that it took into account Wright's "life history, . . . mental problems, . . . physical problems," and his lack of intent to injure. Moreover, the district court is not required to raise every conceivable issue which is not raised at the sentencing hearing. *Gall*, 552 U.S. at 54. It sufficiently considered the relevant factors, and Wright has failed to rebut the presumption of reasonableness; accordingly, his sentence was procedurally reasonable.

Similarly, the sentence is substantively reasonable. An inquiry into whether a sentence is substantively reasonable focuses on whether a sentence is adequate, but not "greater than

necessary" to fulfill the goals of § 3553(a). *Cochrane*, 702 F.3d at 345 (quoting *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009)). A sentence is substantively unreasonable when the district court bases a sentence on impermissible factors, gives undue weight to any pertinent factor, or selects a sentence arbitrarily. *Id.* (citing *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). A district court does not commit error simply by placing great weight upon a single factor. *See United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012). Contrary to Wright's assertion otherwise, emphasizing the injuries the firefighters obtained was not error in this instance.[4] Furthermore, the district court properly explained why an upward variance was needed to protect the public, *see Bass*, 785 F.3d at 1051, in light of the significant physical injuries and extensive property damage caused by Wright. *See* USSG §§ 5K2.2, 5K2.5.

    **AFFIRMED.**

---

[4] 18 U.S.C. § 844(i), the statute Wright pleaded guilty to violating, doubles the maximum statutory sentencing period for the malicious use of fire when "personal injury results to any person." As the statute itself places great emphasis on this factor, it is appropriate for the district court to do so as well.