NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0276n.06

Case No. 19-5325

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 18, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DERRICK KENNEDY CRUMPTON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT, CLAY, and BUSH, Circuit Judges.

**MERRITT, Circuit Judge.** This is a direct criminal sentencing appeal by defendant Derrick Crumpton challenging his 324-month sentence imposed after a guilty plea in a drug conspiracy case. Crumpton had extensive and long-standing involvement in a large, violent gang, known as the Gangster Disciples, that sold drugs and was implicated in several murders in a multi-state area. Defendant specifically pleaded guilty to racketeering and conspiracy to possess with intent to distribute cocaine and marijuana. He contends that the government acted unconstitutionally or in bad faith when it refused to file a "substantial assistance" motion for a downward departure under U.S.S.G. § 5K1.1. Defendant presents no evidence that the government acted with an unconstitutional motive or in bad faith in refusing to file a substantial assistance motion. To the contrary, the government gave good reasons for its decision not to file a substantial

assistance motion on behalf of defendant. After entering into the plea agreement with the government and attesting to certain facts about his conduct and role in the conspiracy, defendant denied or made conflicting statements about some of those same facts. Furthermore, the defendant's bad-faith argument is foreclosed by our circuit's precedent.

Defendant also claims that the district court erred by failing to consider a downward departure from the recommended sentence pursuant to U.S.S.G. § 5K2.0. However, the record shows that the district court did consider, but rejected, defendant's motion, and, in any event, the district court varied downward 36 months from the low end of the guidelines range based on the same substantial assistance. For the following reasons, we affirm the judgment of the district court.

## I.

On April 22, 2016, a federal grand jury sitting in Memphis, Tennessee returned a 16-count indictment against defendant and 15 others relating to their participation in the Gangster Disciples criminal enterprise. The defendant is charged in Counts One and Two of the indictment. Count One charges all 16 defendants with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). Count One alleged a pattern of racketeering consisting of multiple offenses chargeable under Tennessee law, including attempted murder, kidnapping, and robbery and offenses chargeable under federal law, including narcotics trafficking. Count One also set forth at least 39 overt acts committed in furtherance of the racketeering conspiracy, including approximate dates of the acts and the names of the persons involved. Defendant is named in 13 of the overt acts listed in Count One, and it also details his role in the conspiracy. Count Two of the indictment charges all 16 defendants with conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(a), and 841(b)(1)(B). The count details the time period of the conspiracy and specifies

that the conspiracy involved an agreement to distribute and possess with intent to distribute controlled substances, including cocaine, cocaine base, and marijuana.

The defendant was arrested on May 4, 2016. Two weeks later, he pleaded not guilty. Over a year later, on May 30, 2017, defendant changed his plea to guilty, pursuant to a written plea agreement. The change in plea came about after defendant negotiated with the government through a series of meetings governed by a proffer letter signed on May 25, 2016, outlining defendant's willingness to provide information and cooperate. By signing the letter, the parties agreed that the defendant would "respond truthfully and completely to any and all questions posed to him during the meeting." In exchange for defendant's truthful information and cooperation, the government would consider a substantial-assistance motion pursuant to § 5K1.1. The letter stated:

> [T]he government agrees to give full consideration to the statements made by [the defendant] in determining whether a motion should be made pursuant to § 5K1.1 of the Sentencing Guidelines. However, your client understands that there has been no promise or representation made by any agent or employee of the United States that his statements constitute "substantial assistance" necessary for the government to make a § 5K1.1 motion – or a motion pursuant to [18] U.S.C. § 3553(e) or Rule 35 of the Federal Rules of Criminal Procedure – on his behalf. Your client understands and acknowledges that the determination as to whether his efforts constitute "substantial assistance" *will be made solely within the discretion of the United States Attorney's Office. . . .* [Y]our client's complete truthfulness and candor are express material conditions to the undertakings of the government set forth in this letter.

Proffer Letter dated May 25, 2016, at 2 (emphasis added).

As part of the plea agreement that was ultimately negotiated, the parties agreed to three sentencing recommendations: (1) the amount of drugs for which defendant was responsible would be limited to the equivalent of 1,000 kilograms but less than 3,000 kilograms of marijuana;[1] (2) a

---

[1] The drug amount agreed upon by the parties derives from defendant's personal involvement as opposed to the much larger amount initially calculated as reasonably foreseeable to the entire conspiracy.

2-level enhancement pursuant to U.S.S.G. § 2D1.1 for possessing a dangerous weapon; and (3) a 4-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for defendant's "aggravated" role in the conspiracy. Plea Agreement ¶ 7. The government also agreed to recommend a sentence at the "low end" of the applicable guideline range. *Id*. ¶ 6.

The plea agreement does not address the filing of a substantial-assistance motion. Instead, the practice in the Western District of Tennessee is to use the proffer letter described above to outline the terms of any consideration for a downward departure motion by the government based on a defendant's cooperation. The government says that this practice is often followed at the request of the defendant to help ensure the safety and protection of the defendant from retaliation for cooperation. Appellee Br. at 10. The plea agreement attaches a "Factual Basis" document as "Attachment A" that sets forth a detailed accounting of the facts of defendant's involvement in the conspiracy. Attachment A, which is also signed by defendant and the government, states in the first sentence that it is part of the plea agreement.

On April 3, 2018, the defendant's revised presentence investigation report was filed. The revised report determined that the appropriate advisory guideline sentencing range was 360 months to life. Report at 38. The presentence report recommended a sentence of 360 months, the lowest sentence in the applicable range. The defendant's sentencing hearing was set for June 8, 2018. On June 7, 2018, the defendant and his counsel met with prosecutors. During that meeting, the defendant denied participating in at least two of the overt acts listed in the Factual Basis document at Attachment A to the plea agreement, the truth of which he had previously sworn to under oath. Based on defendant's denial of facts to which he had previously agreed, the government ended its meeting with the defendant.

The next day, June 8, 2018, at the sentencing hearing, the government informed the district court of its concerns with the factual denials made by the defendant at the meeting the previous day, and stated that it would not object if the defendant wished to withdraw his plea. The defendant indicated that he did not wish to withdraw his plea and that his disagreement with parts of the factual content in Attachment A to the plea agreement were "minor." The court directed the parties to work out their differences, and ordered defendant to file any motion to withdraw the plea within two weeks.

Thereafter, the government informed defense counsel that it would be willing to amend Attachment A to the plea agreement in order to ensure that both parties were in agreement as to the facts underlying the offenses to which the defendant pleaded guilty. The government also informed defendant that it did not believe that defendant had provided substantial assistance, and it would not move for a downward departure pursuant to § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure. The government stated that because defendant now denied some of the facts that formed the basis of his plea, it could no longer use him as a witness at trial. It also noted that the information defendant had provided did not lead to any new arrests or indictments. Email dated June 24, 2018, from Assistant United States Attorney Liquori to Defense Counsel McWhirter.

On July 2, 2018, the defendant filed a sentencing memorandum in which he asked the district court to review the government's refusal to move for a sentencing reduction based on substantial assistance, arguing that the plea agreement was "ambiguous." Defendant also requested the court to vary downward on its own discretion below the recommended sentence of 360 months. At the sentencing hearing on March 21, 2019, the district court found that the government had not acted unconstitutionally or in bad faith when it refused to file a substantial-

assistance motion on behalf of defendant, and it granted defendant's request to vary downward by imposing a below-guidelines sentence of 324 months. Mar. 21, 2019, Sent'g Hr'g Tr. at 65.

## II.

Defendant presents two sentencing issues on appeal: (1) whether the government acted in bad faith or unconstitutionally when it refused to make a motion for a downward departure under U.S.S.G. § 5K1 due to defendant's substantial assistance; and (2) whether the district court abused its discretion when, despite the lack of a motion from the government, it did not grant a downward departure pursuant to U.S.S.G. § 5K2 for that same substantial assistance.

**A.    Substantial-Assistance Motion Under U.S.S.G. § 5K1**

Crumpton's first argument is that the government's refusal to make a § 5K1 motion on his behalf was unconstitutional or in bad faith. United States Sentencing Guidelines § 5K1.1 states that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Under the plain language of the guideline, the filing of a downward-departure motion pursuant to § 5K1.1 by the United States is a condition precedent to a departure pursuant to that motion. *United States v. Lukse*, 286 F.3d 906, 913 (6th Cir. 2002). Additionally, the proffer letter agreed to by the parties states that the decision as to whether to file a substantial-assistance motion is "solely within the discretion of the United States Attorney's Office."

Given the explicit language in the guideline and the proffer letter, the authority of the district court to review the government's refusal to file a substantial assistance motion is limited to review only for unconstitutional motive, such as race or religion. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). In *Wade*, the Supreme Court held as follows:

> [W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.

*Id.* Our case law is in accordance with *Wade. See, e.g., United States v. Villareal*, 491 F.3d 605, 608 (6th Cir. 2007); *United States v. Gates*, 461 F.3d 703, 710-11 (6th Cir. 2006). The district court expressly stated that "the record is void of any unconstitutional motive." Mar. 21, 2019, Sent'g Hr'g Tr. at 8-9.

Defendant concedes the limitation on judicial review of the government's refusal to file a substantial-assistance motion. Appellant's Br. at 6-7. His only assertion invoking an unconstitutional motive is his statement, unsupported by any evidence, that the government's failure to make a § 5K1 motion "STRONGLY suggests an unconstitutional or bad faith motive." *Id.* at 10. He makes no allegation or even mention of race, religion, or other unconstitutional reason for the government's decision. We agree with the district court that defendant has not demonstrated any unconstitutional motive by the government in refusing to file a substantial-assistance motion on his behalf.

Defendant also argues that even if the government was not acting with an unconstitutional motive, it acted in bad faith when it refused to file a § 5K1 motion. Even if this claim had factual merit, and the government convincingly argues it does not, we have previously held in published opinions that judges cannot second guess the government's refusal to file a § 5K1 motion despite bad-faith allegations; only an unconstitutional motive will do. *E.g.*, *Villareal*, 491 F.3d at 608; *Gates*, 461 F.3d 711; *United States v. Rashid*, 274 F.3d 407 , 417-18 (6th Cir. 2001); *United States v. Hawkins*, 274 F.3d 420, 427-28 (6th Cir. 2001) (per curiam); *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). Because one panel of this court cannot overrule the published decisions

of another, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), we must reject defendant's bad-faith claim as well.

**B.      Defendant's request that the district court downward depart under U.S.S.G. § 5K2**

Defendant also appeals the district court's refusal to grant a downward departure under U.S.S.G. § 5K2.0. He contends on appeal that the district court improperly collapsed consideration of his request for a downward departure under § 5K2 with his request that the government file a motion for substantial assistance under § 5K1. Defendant also argues that his "extraordinary acceptance of responsibility," and his substantial assistance to the government, warrant further downward departure by the district court.

We do not review a district court's decision declining to impose a departure, or its failure to depart to the extent requested by defendant, "unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). The record reflects that the district court did consider such a departure and nevertheless rejected it, Mar. 21 Sent'g Hr'g Tr. at 7-10, satisfying the requirements for putting the issue on the record, especially given how limited defendant's argument was on this point. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *see also id.* ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.").

Furthermore, even if the district court had failed to consider its discretion to make a downward departure under § 5K2.0, the error was harmless because the district court considered the same conduct in making a downward variance under 18 U.S.C. § 3553. *See Irizarry v. United*

*States*, 553 U.S. 708, 714-15 (2008) (noting the distinction between "departures," meaning deviations from an initial guidelines sentence that are expressly contemplated by the guidelines themselves, and "variances," which are further changes from the guidelines based on the factors listed in 18 U.S.C. § 3553(a)); *United States v. McBride*, 434 F.3d 470, 475-75 (6th Cir. 2006) (same). Taking into consideration the § 3553(a) factors, the sentencing judge varied downward by 36 months from the low end of the guidelines range to impose a sentence of 324 months based in part on defendant's cooperation with the government, particularly in the early phases of his dealings with the government. Mar. 21, 2019, Sent'g Hr'g Tr. at 65. The court specifically mentioned defendant's assistance to the government in imposing the sentence. The court also noted the threats faced by defendant's friends and family due to the defendant's cooperation with the government. *Id*. at 63-64. The district court then imposed the sentence it believed was warranted after taking into consideration the § 3553(a) factors, including the factors that formed the basis for defendant's request for a downward departure. Under these circumstances, we can be confident that any distinction between a departure and a variance did not affect the district court's choice of a sentence in light of the § 3553(a) factors, and any error on that front was harmless. *See, e.g.*, *United States v. Herrera-Zuniga*, 571 F.3d 568, 586-89 (6th Cir. 2009); *United States v. Erpenbeck*, 532 F.3d 423, 441 (6th Cir. 2008).

For the forgoing reasons, we affirm the judgment of the district court.