142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Toney D. WHITEHEAD, Defendant-Appellant.
 No. 97-2807.
 United States Court of Appeals,
Seventh Circuit.
 March 12, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 96 CR 30065; William D. Stiehl, Judge.
 Before POSNER, Chief Judge, CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 STIEHL
 
 1
 Toney Whitehead was arrested on June 7, 1996 after he repeatedly sold varying amounts of crack cocaine to a confidential police informant. The informant purchased the crack at Whitehead's home and then gave the drugs to the police for testing. During a transaction that took place on May 17, 1996, Whitehead held a gun in his hand. In a none-count indictment, the government charged Whitehead with conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, distributing and possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), carrying a firearm during and in relation to a drug trafficking crime in violation of 17 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the charged offenses on March 12, 1997 and was sentenced to 322 months' imprisonment. Whitehead's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success. Whitehead was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has done. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel states three possible grounds for appeal. First, Whitehead could argue that his plea was not knowingly or voluntarily entered. However, because Whitehead does not ask to withdraw his guilty plea, we need not examine the validity of his conviction. See United States v. Wagner, 103 F.3d 551, 552 (7th Cir.1996).
 
 
 3
 The second ground for appeal identified by counsel relates to matters contained in the presentence report. Counsel suggests that Whitehead might contest the validity of (1) the amount of cocaine Whitehead sold to the confidential informant; (2) the items seized by the police pursuant to a valid search warrant; (3) the confidential informant's statement that Whitehead held a gun in his hand during at least one of the monitored drug purchases, or (4) Whitehead's prior felony drug conviction. We agree with counsel that challenges to these findings would be frivolous. As an initial matter, issues two through four above pertain to factual findings underlying Whitehead's guilty plea and may not be contested on appeal because "a plea of guilty constitutes a waiver of all non-jurisdictional defects occurring prior to the plea." United States v. Adams, 125 F.3d 586, 588 (7th Cir.1997) (citation omitted). As for the first issue, the amount of cocaine, this matter relates to the length of Whitehead's sentence and may be asserted on appeal because Whitehead retained the right to appeal his sentence.[1] Our review would be limited to plain error, however, due to Whitehead's failure to raise this objection before the district court United States v. Monem, 104 F.3d 905, 907 (7th Cir.1997). Nothing in the record indicates that the district court plainly erred in calculating the amount of crack sold to the informant (or seized fro Whitehead's home). Accordingly, an appeal of this issue would be frivolous.
 
 
 4
 Counsel next argues that Whitehead might potentially raise on appeal a claim of ineffective assistance of counsel. Indeed, Whitehead contends in his Rule 51 response that counsel provided ineffective assistance by refusing to file an appeal brief on his behalf and failing to object to the use of his prior felony conviction as the predicate offense supporting his conviction under 18 U.S.C. § 922(g). We agree with counsel that this claim would be frivolous. Typically, claims of ineffective assistance of counsel are inappropriate on direct appeal because determination of the matter requires evidence that is outside of the trial record. United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997); United States v. Woolley, 123 F.2d 627, 634 (7th Cir.1997). In this case, we believe the issues raised require an assessment beyond the scope of the present record United States v. Lang, 644 F.2d 1232, 1240 (7th Cir.1981). Whitehead would be better served to bring this claim under 28 U.S.C. § 2255 where he could ask for an evidentiary hearing and call his counsel as a witness. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991).
 
 
 5
 Whitehead's response to counsel's Anders brief raises two additional bases of appeal. First, he appears to raise a claim under Ratley v. United States, 116 S.Ct. 301 (1995), by claiming that the district court erred in accepting his guilty plea because the facts failed to show that he "carried" a gun during or in relation to a drug trafficking crime within the meaning of § 924(c)(1). This argument may not be raised on appeal, however, because Whitehead pleaded guilty to carrying a firearm during and in relation to a drug trafficking offense and did not specifically preserve the right to revisit this issue on appeal. Adams, 125 F.3d at 588.
 
 
 6
 Second, Whitehead contends that because the government failed to show by a preponderance of the evidence that he sold the "crack" form of cocaine base (as opposed to another form of cocaine base), the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2D1.1. Because this issue relates to sentencing and Whitehead retained the right to appeal his sentence, we would have jurisdiction to hear this argument on appeal. However, our review again would be limited to plain error because Whitehead failed to raise this matter before the district court. Monem, 104 F.3d at 907.
 
 
 7
 In 1993, the Sentencing Commission amended the United States Sentencing Guidelines to clarify that a sentence enhancement under U.S.S.G. § 2D1.1 should apply to the crack form of cocaine base, as opposed to other forms of cocaine base. U.S.S.G. § 2D1.1(C) note (d). In Adams, this court interpreted the 1993 amendment and determined that "the government must prove by a preponderance of the evidence that the defendant possessed 'crack' " for the sentence enhancement to apply. 125 F.3d at 592. Applying that standard, the Adams court concluded that a sentence enhancement was inappropriate where the government used the words "crack" and "base" interchangeably and thus did not prove that the "crack" subcategory of cocaine base necessarily was involved. Id. See also United States v. Earnest, 129 F.3d 906, 915-16 (7th Cir.1997) (remanding case to the district court where the indictment, the parties, and the court used the term "crack cocaine" but the laboratory analysis reported the substance as "cocaine base").
 
 
 8
 In this case, the indictment charged Whitehead with distributing and conspiring to distribute crack cocaine. At the plea hearing, the government indicated that if the case proceeded to trial, it would further stated that it would present evidence showing that all of the drugs seized from Whitehead's house or received by the confidential informant had been analyzed by competent scientific methods and that all of drugs were crack cocaine. Because the government demonstrated by a preponderance of the evidence at the plea hearing that Whitehead distributed and conspired to distribute crack cocaine, the district court did not plainly err in enhancing Whitehead's sentence under U.S.S.G. § 2D1.1. Therefore, an appeal of this issue would be frivolous.
 
 
 9
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Whitehead pleaded guilty without a written plea agreement. At sentencing, the district court advised Whitehead that he had the right to appeal his sentence within ten days' time