NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0112n.06
Filed: November 18, 2004

No. 03-6099

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,  )
  )
    *Plaintiff-Appellee,*  )
  )
v.  )
  )
RAUF MUHAMMAD,  )  On Appeal from the United States
  )  District Court for the Eastern
    Defendant-Appellant.  )  District of Tennessee
  )

Before: **BOGGS, Chief Judge; GILMAN, Circuit Judge; and WEBER, District Judge**[*]

**PER CURIAM.** Defendant-Appellant Rauf Muhammad appeals the district court's denial of his motion to compel the government to request a sentencing downward departure. Because we may review the governments decision to request a downward departure only for unconstitutional motives, and Muhammad acknowledges that he does not raise a constitutional claim, we affirm.

## I

On February 6, 2002, Rauf Muhammad was indicted for possession of and possession

---

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

with  intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(b)(1)(A) and §

846, and for possession of and possession with intent to distribute crack cocaine, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(B).  Trial was set to begin on January 27, 2003, but on that day

Muhammad entered a plea of guilty to the first count and the second count was dismissed.  The

deal provided, in relevant part, that the government would bring to the court's attention any

cooperation and assistance provided by the defendant.  If, in the opinion of the government,

Muhammad had rendered "substantial assistance," it would request a downward departure in his

sentence.  The plea agreement explicitly stated that any such request is entirely at the discretion of

the United States Attorney.

Starting shortly after his arrest, Muhammad was repeatedly offered a deal by the

government.  His co-defendants, when later apprehended, did not hesitate to accept similar deals,

but Muhammad wavered for several months.  He finally accepted a plea agreement on the eve of

trial, and it is undisputed that he then provided all the information he possessed.  Unfortunately,

by then the information was stale.  His co-conspirators had already been arrested and pled guilty,

and Muhammad's information failed to generate any new arrests or convictions.  The United

States Attorney thus did not request a downward departure.

Applying the sentencing guidelines, and absent a downward departure, the statutory

minimum sentence for Muhammad's offense was life imprisonment.  Muhammad filed a motion

to compel the government to request a downward departure, alleging bad faith.  The district court

denied the motion, noting that review of such decisions based solely on a claim of bad faith is not

permitted under Sixth Circuit precedent, citing *United States v. Moore*, 225 F.3d 637, 641 (6th

Cir. 2000).  Muhammad then received a life sentence.

This timely appeal followed.  Muhammad acknowledges that *Moore* applies, and that he is not raising a constitutional claim.  He argues that *Moore* was in error and should be reconsidered.

**II**

We review the district court's interpretation of the Sentencing Guidelines *de novo*.  *United States v. Herrera*, 375 F.3d 399, 402 (6th Cir. 2004).

The government may request a downward departure in sentencing for offenders who provide "substantial assistance" in investigating or prosecuting other criminals.  U.S.S.G. § 5K1.1.  A downward departure for substantial assistance may only be granted on a motion from the government.  *Wade v. United States*, 504 U.S. 181, 185 (1992).  A refusal to ask for a downward departure may only be reviewed for unconstitutional motives, such as race; review for bad faith or lack of rational basis is not permitted.  *Moore*, 225 F.3d at 641.  *Moore* relies on an earlier decision, which held that when the government makes a conditional promise to ask for a downward departure, we may review to determine whether the government kept its bargain.  *United States v. Benjamin*, 138 F.3d 1069, 1073-74 (6th Cir. 1998).  Thus the government may bargain away its discretion to induce cooperation, but otherwise it retains unfettered discretion to request, or not request, a § 5K.1.1 downward departure.  *Id.* at 1074-75.

Here it is clear that the government did not bargain away its discretion.  The plea agreement leaves the government with complete discretion, specifically:

> The defendant acknowledges that . . . [the] United States retains complete discretion in determining whether a [substantial assistance downward] departure motion will be filed . .

. . The defendant acknowledges that the decision whether to file any such motion is not reviewable by the Court except under the limited circumstances in *Wade*, 504 U.S. at 181.

The language is unequivocal and the first sentence is, word-for-word, identical to the language in the plea agreement examined in *Moore*. 225 F.3d at 641. As Muhammad acknowledges, this case is therefore directly controlled by *Moore*.

Nonetheless, Muhammad argues that he did everything possible to cooperate and asks for an *en banc* hearing to overrule *Moore*. He relies on *United States v. Hawkins*, 274 F.3d 420, 426-435 (6th Cir. 2001) (*per curiam*), which criticized *Moore* at length, noted a circuit split, and suggested *en banc* review to reconsider *Moore*. It is worth noting that, in contrast with Hawkins, Muhammad does not have a strong case for showing bad faith by the government.[1] It is uncontested that although Muhammad eventually disclosed everything he knew, the information he provided was dated and did not contribute to any investigations or prosecutions. Moreover, the government's initial offer came shortly after Muhammad's arrest, when two of his co-conspirators were still at large and the information would have been useful. It is also uncontested that the government made every reasonable attempt to follow up on all the information Muhammad provided. Regardless, under existing precedent, this court may not review for bad faith.

---

[1]The facts in *Hawkins* were sympathetic to the defendant: he not only provided considerable information that appears to have contributed to successful criminal investigations, he also testified against his co-conspirators at trial. *Hawkins*, 274 F.3d at 423-24. The government explained that there were three witnesses who testified for the prosecution at that trial, so they could not say definitively that Hawkins's testimony was of "substantial" importance. *Id.* at 424-25. The *Hawkins* court characterized the government's behavior as "not rationally related to any legitimate end and/or in bad faith." *Id.* at 433.

03-6099
Muhammad v. United States

For these reasons, we AFFIRM the judgment of the district court.