NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 21, 2007[*]
Decided February 26, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2403

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 96-30065-WDS |
| TONEY D. WHITEHEAD, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

This appeal concerns the timeliness of Toney Whitehead's attempt to secure a sentence reduction under Federal Rule of Criminal Procedure 35(b). Whitehead pleaded guilty to nine separate drug and gun charges and was sentenced to 322 months' imprisonment in 1997. We dismissed his direct appeal and granted his counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Whitehead*, No. 97-2807, 1998 U.S. App. LEXIS 5561 (7th Cir. March 12, 1998) (unpublished).

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

More than eight years after sentencing, in 2005 Whitehead, *pro se*, asked the district court to compel the government to file a Rule 35 motion for a reduction of sentence based on his substantial assistance to prosecutors. In his sworn affidavit accompanying the motion, Whitehead says that "[a]pproximately one week after his arrest" he provided "substantial assistance to authorities by conducting a proffer and debriefing in which he implicated a number of other substantial narcotics traffickers in the East St. Louis metropolitan area." Whitehead swears that the government promised him a sentence reduction based on his assistance, and he says the government reneged on its agreement "without just cause." The district court denied Whitehead's motion because he filed it more than one year after sentencing and no exceptions to the one-year bar applied. *See* Fed. R. Crim. P. 35(b).

Whitehead now argues that it would be unjust to deny him relief simply because the government neglected to timely file a Rule 35 motion. He says the district court should have ignored the timing issue and invoked its inherent power to enforce contracts. The government responds with a motion to dismiss in which it contends that the time constraints in Rule 35 preclude both the district court and this court from reaching the merits of Whitehead's motion.

Rule 35(b) authorizes a district court to reduce a defendant's sentence to reward him for his substantial assistance only "[u]pon the government's motion." Fed. R. Crim. P. 35(b). Normally the decision to file a Rule 35(b) motion rests entirely in the prosecutor's discretion, and a district court would not be empowered, based on Rule 35(b) alone, to grant a Rule 35(b) motion brought by a defendant. Nevertheless, there are enforceable limitations to a prosecutor's discretion, including when it has been bargained away in a plea agreement. *See Santobello v. New York*, 404 U.S. 257, 262-63 (1977); *United States v. Lezine*, 166 F.3d 895, 903 (7th Cir. 1999); *United States v. Smith*, 953 F.2d 1060, 1065-66 (7th Cir. 1992). And, as the Supreme Court explained in *Wade v. United States*, 504 U.S. 181, 186 (1992), "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Id.* at 185-86. While *Wade* involved a prosecutor's refusal to file a U.S.S.G. § 5K1.1 motion at sentencing, we and our sister circuits have treated § 5K1.1 and Rule 35(b) alike. *See United States v. Doe*, 940 F.2d 199, 203 n.7 (7th Cir. 1991) (citing cases); *United States v. Moran*, 325 F.3d 790, 793 (6th Cir. 2003); *United States v. Marks*, 244 F.3d 971, 973 n.1 (8th Cir. 2001)*; United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995) (citing cases). And we have applied *Wade* to review a district court's denial of a motion to compel a Rule 35(b) motion. *See United States v. Wilson*, 390 F.3d 1003 (7th Cir. 2004); *see also Marks*, 244 F.3d at 975.

The problem for Whitehead is that under this circuit's precedent, the district court lacked jurisdiction to grant the ultimate remedy Whitehead seeks. Rule 35(b) authorizes the district court to reduce a defendant's sentence only upon the government's motion made within one year of sentencing (unless an exception applies). We explained in *United States v. McDowell*, 117 F.3d 974, 980 (7th Cir. 1992), that the rule's time limits are jurisdictional. Thus, even if everything Whitehead says is true, the district court was not empowered to grant his Rule 35(b) motion because it is more than seven years late. (Whitehead did not ask the government to file a "placeholder" motion within the one-year deadline to secure the district court's jurisdiction, as is routine. *See, e.g.*, *Wilson*, 390 F.3d at 1007; *United States v. Hartwell*, 448 F.3d 707, 718 (4th Cir. 2006).) Furthermore, even if after *Eberhart v. United States,* 546 U.S. 12 (2005), the Rule 35(b) time limits are not strictly "jurisdictional," the government has asserted both here and in the district court the defense of untimeliness, so it is proper to affirm the district court's ruling on that basis.

Whitehead's only hope for relief under Rule 35(b) is an exception to the one-year deadline created by the December 2002 amendment to Rule 35 for information supplied to the government that he did not know of, or the government could not use, until more than a year after sentencing. Fed. R. Crim. P. 35(b)(2). Although one circuit has found that the amendment applies to any Rule 35(b) motion filed after December 1, 2002, regardless of when the defendant was originally sentenced, *see United States v. Moreno*, 364 F.3d 1232, 1234-35 (11th Cir. 2004), Whitehead has forfeited any such argument here because his submissions to the district court do not even hint at the possibility that Rule 35(b)(2) applies. Indeed, his submissions foreclose Rule 35(b)(2) relief because they refer only to information that he knew and provided to the government *before* sentencing. Accordingly, an argument based on Rule 35(b)(2) (or any other argument that Whitehead raises for the first time on appeal) has not been adequately preserved and is not a basis for relief here. *See Perruquet v. Briley*, 390 F.3d 505, 517 (7th Cir. 2004).

AFFIRMED.