Affirmed by unpublished opinion. Judge SHEDD wrote the majority opinion, in which Chief Judge TRAXLER joined. Judge GREGORY wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
SHEDD, Circuit Judge:
Michael Farmer appeals the district court’s order granting the Government’s motion to withdraw its motion under Rule 35 of the Federal Rules of Criminal Procedure. We affirm.
I.
Farmer pled guilty to conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. Pursuant to Farmer’s plea agreement, the Government agreed to “make known to the Court at sentencing the full extent of [his] cooperation, but the Government is not promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) or Fed.R.Crim.P. 35.” J.A. 15. Farmer was thereafter sentenced to 262 months imprisonment.
The Government filed a Rule 35 motion within one year of Farmer’s sentencing and requested the motion be held in abeyance until after he had completed his assistance.[1] More than four years later, Farmer filed a motion requesting a hearing on the Government’s Rule 35 motion. The Government filed a response to the motion, in which it informed the district court that Farmer had completed his assistance and the Rule 35 motion was ripe for disposition. However, two months later, and prior to the district court ruling on the motion, the Government moved to withdraw its Rule 35 motion. In its motion, the Government stated that Farmer had been disciplined by prison authorities for possessing marijuana. At a hearing on the motion, the district court granted the Government’s motion to withdraw. Farmer timely appealed.
II.
The United States Supreme Court has held that a district court may grant a downward departure in the absence of the Government’s Rule 35 motion if: (1) the government has obligated itself in the plea agreement to move for a departure; or (2) the government’s refusal to move for a departure was based on an unconstitutional motive, such as race or religion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994) (citing Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)). Here, Farmer does not argue that the Government breached the plea agreement or that the Government’s decision to withdraw its motion was based on an unconstitutional motive. Instead, Farmer argues that the district court erred by permitting the Government to withdraw its Rule 35 motion where the Government had represented that he had completed his assistance, and the district court abused its discretion in not holding an evidentiary hearing on his motion.[2] We *305 find that Farmer’s arguments are foreclosed by United States v. Hartwell, 448 F.3d 707 (4th Cir.2006).
In Hartwell, the defendant pled guilty and agreed to cooperate with the Government for a further reduction of his sentence. In exchange for his cooperation, the Government, in the plea agreement, stated:
that [the Government] reserved “its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that such departure is appropriate.”
Id. at 710 (emphasis added). Within one year of the defendant’s conviction, the Government filed a Rule 35(b) motion but asked that it be held in abeyance pending the defendant’s continued cooperation. A year-and-a-half later, the Government filed a memorandum recommending that the defendant’s sentence be reduced from life imprisonment to 38 years imprisonment based on his cooperation. A few months later, the defendant filed a motion and affidavit seeking an evidentiary hearing on the Government’s Rule 35(b) motion, alleging that the Government had breached the plea agreement and stating that the Government had promised to reduce his life sentence to 18 years. As a result of the defendant’s motion (and alleged false statements), the Government moved to withdraw its Rule 35(b) motion. The defendant promptly moved to strike his own affidavit, admitting it contained false statements. Thereafter, without an evidentiary hearing, the district court permitted the Government to withdraw its Rule 35 motion.
On appeal, we held that the plea agreement language in Hartwell — ie., “in its sole discretion” — gave the Government the discretion of whether to pursue a Rule 35 motion and also included the discretion to withdraw it. Id. at 718. We further held that the Government’s language in its memorandum supporting its Rule 35(b) motion, representing that Hartwell had provided assistance and his sentence should be reduced, did not alter the Government’s discretion. See Id. at 719. Finally, we held that because the Government had the discretion to withdraw its motion, “the district court did not abuse its discretion in denying Hartwell an eviden-tiary hearing.” Id. at 720.
We find Farmer’s appeal wholly analogous to Hartwell. Here, the Government did not obligate itself to file a Rule 35 motion in the plea agreement and, indeed, expressly retained its discretion to pursue (or not) a Rule 35 motion. See J.A. 15. (specifying that “the Government is not promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) or Fed.R.Crim.P. 35”) (emphasis added). This discretion to file a Rule 35(b) motion, therefore, likewise gave the Government the discretion to withdraw such a motion. See Hartwell, 448 F.3d at 718. Further, like Hartwell, the Government represented that Farmer had provided assistance and that the Rule 35(b) motion was ripe for disposition. However, as we held in Hartwell, such a representation does not affect the Government’s discretion to withdraw its motion prior to the district court ruling on the motion.
*306 Finally, because we hold that the Government retained its discretion to withdraw its Rule 35 motion, we do not believe the district court abused its discretion in not holding an evidentiary hearing in this ease. Accordingly, the district court did not err in allowing the Government to withdraw its Rule 35 motion.[3]
III.
For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.

. Federal Rule of Criminal Procedure 35(b)(1) provides: "[u]pon the [G]ovemment's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.”

. Whether the Government has the discretion to withdraw its Rule 35 motion is a question *305 of law which we review de novo. Hunton & Williams v. U.S. Dept. of Justice, 590 F.3d 272, 284 (4th Cir.2010). We review Farmer's claim that the district court should have held an evidentiary hearing for an abuse of discretion. See United States v. Pridgen, 64 F.3d 147, 150 (4th Cir.1995).

. We disagree with the dissent's characterization of our holding. The dissent argues that under our holding, the '‘[G]ovemment retained absolute and unfettered discretion to withdraw its Rule 35(b) motion,” and the Government’s discretion "has no bounds.” This assertion ignores the specific limitations we recognized from the outset — namely, that the Government could not withdraw a Rule 35 motion if (1) it bound itself in the plea agreement, or (2) its withdrawal is based on an unconstitutional motive. See Wallace, 22 F.3d at 87. Further, we disagree with the dissent's analysis that the Government's post-plea representation that it would present a specific account of Farmer's cooperation modifies the original plea agreement. We find no support in law to support this contention and do not believe that the Government's representations here divest it of the discretion it has under Hart-well to withdraw the Rule 35(b) motion. In short, the dissent’s analysis is misplaced in light of die facts and controlling law. At bottom, the Government did not promise to make a Rule 35 motion, and it had the discretion to withdraw any such motion that it did make so long as there was no unconstitutional motive in doing so.