NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0710n.06

No. 13-1788

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 09, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| RAY HAYNES, JR., | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

BEFORE: MOORE and COOK, Circuit Judges; STEEH, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.** Defendant Ray Haynes, Jr. pleaded guilty to using fire to commit mail fraud in violation of 18 U.S.C. § 844(h)(1) and was sentenced to the statutory ten-year mandatory minimum. The plea agreement obligated Haynes to cooperate with the government in the investigation and prosecution of other suspects, and it required the government to consider whether Haynes's cooperation amounted to substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b). Following sentencing, the government filed a "protective" motion for a sentence reduction under Rule 35(b), but later sought to withdraw that motion because it believed Haynes failed to provide substantial assistance. On appeal, Haynes argues that the district court improperly allowed the government to withdraw the Rule 35(b) motion because withdrawing the motion was a violation of the plea agreement.

---

[*]The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Haynes requests a remand so that the district court can assess the assistance he provided to the government. Because the government had authority to withdraw its Rule 35(b) motion under the terms of the plea agreement, we **AFFIRM**.

## I. BACKGROUND

On September 16, 2009, a grand jury indicted Defendant Ray Haynes Jr. for using fire to commit mail fraud by burning his house down as part of an insurance fraud scheme in violation of 18 U.S.C. § 844(h)(1).[1] R. 1 (Indictment) (Page ID #1). Three months later, Haynes pleaded guilty to the charge, which carries a ten-year mandatory-minimum sentence. R. 16 (Plea Agreement) (Page ID #39). As part of the plea agreement, Haynes agreed to cooperate with the government in any investigation or prosecution of other suspects and truthfully testify "before grand juries and in any court proceedings." *Id*. 2–3 (Page ID #40–41). In exchange for Haynes's cooperation, the government agreed to "make an evaluation of the Defendant's cooperation under this agreement in determining whether to file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure." *Id*. 3–4 (Page ID #41–42). The plea agreement stated, however, that "such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others." *Id*. at 4 (Page ID #42). Further, this determination would "be made in the sole discretion of the U.S. Attorney's Office." *Id*.

---

[1]The grand jury also indicted Haynes for making a false statement to a federal agent in violation of 18 U.S.C. § 1001, but this charge was dismissed on motion by the government.

Prior to sentencing, Haynes began cooperating with the government. Haynes made three proffer statements between October 2009 and January 2010 and testified before a grand jury on January 12, 2010 regarding the involvement of Gerald Singer, an alleged co-conspirator in the arson and insurance scheme at issue in Haynes's Indictment. R. 42 (Gov't Resp. to Apr. 19, 2013 Order at 17–22) (Page ID #162–67); Appellant Reply Br. at 7. On March 31, 2010, the district court sentenced Haynes to the ten-year mandatory-minimum term of imprisonment. R. 20 (Sent'g Min.).

Less than a year later, on March 18, 2011, the government filed a "Request for a Downward Departure Pursuant to Rule 35 of the Federal Rules of Criminal Procedure." R. 22 (Gov't Request for Down. Dept. Pursuant to Rule 35) (Page ID #57). The government explained that, pursuant to the plea agreement, it was "obligated to give consideration to seeking a reduction of sentence" if Haynes provided substantial assistance in the investigation or prosecution of other suspects. *Id*. at 1 (Page ID #57). The government characterized the filing as a "protective" motion and stated it was timely under Rule 35(b)(1) because it was filed within a year of Haynes's sentencing. *Id*. at 2 (Page ID #58). The government asked the district court not to rule on the motion at that time, representing that Haynes's "future testimony will likely provide substantial assistance to the prosecution and [sic] may be eligible for relief under Rule 35(b)(2)(B) at a future date." *Id*. A few months later, in September 2011, following a request for a status update by the district court on the issue, the government again represented that the

investigation was ongoing and Haynes's "cooperation was expected to take place in the future." R. 24 (Gov't Status Update on Request for Down. Dept. at 1) (Page ID #62) (filed under seal).

On April 4, 2013, the government then filed a "Notice of Intent Not to File Rule 35 Motion." R. 33 (Gov't Notice of Intent Not to File Rule 35 Mot.) (Page ID #113). The government stated that Haynes had testified in the arson trial of Singer, but that on cross-examination Haynes had provided testimony that contradicted prior statements he had made to federal agents. *Id*. at 2–3 (Page ID #114–15). According to the government, this damaged Haynes's credibility at trial, and the jury subsequently acquitted Singer of the arson count involving the fire at Haynes's residence. *Id*. at 3 (Page ID #115). The government represented that based on this, and after considering the circumstances, the U.S. Attorney's Office's "downward departure committee" determined that the government would not file a Rule 35(b) motion seeking a reduction of Haynes's sentence. *Id*.

In response to the government Notice, Haynes's counsel conceded that "the Government clearly acted in good faith by initial [sic] filing the Motion to protect Mr. Haynes [sic] right to a Rule 35 departure at a later time as it was clear to all parties that his cooperation would not be completed within the one year time frame for filing a Rule 35 Motion." R. 40 (Def. Am. Resp. to Gov't Notice Not to File Rule 35 Mot. at 1) (Page ID #136). But Haynes contested the government's position that Haynes was untruthful in his testimony at trial. *Id*. at 2 (Page ID #137). Haynes argued that he fulfilled his obligations under the plea agreement, and the

government should be required to do the same. *Id*.; *see also* R. 36 (Def. Resp. to Gov't Notice Not to File Rule 35 Mot. at 2–3) (Page ID #126–27).

The district court heard argument on the issue, during which the government asserted that "the Rule 35 is not actually filed, not before the Court. [But] [i]f the Court feels it is before the Court, then we withdraw it." R. 53 (Hr'g Tr. 5/9/13 at 6:3–5) (Page ID #195). The district court then permitted the government to withdraw the Rule 35(b) motion. *Id*. at 34:18-19, 35:21-22 (Page ID #223–24); R. 45 (Dist. Ct. Order at 1–2) (Page ID #172–73).[2] The district court found the government's actions consistent with its obligations under the plea agreement because the government evaluated Haynes's cooperation to determine whether he offered substantial assistance. R. 53 (Hr'g Tr. 5/9/13 at 34:18–22) (Page ID #223); R. 45 (Dist. Ct. Order at 1–2) (Page ID #172–73). The district court further found that because the government had sole discretion to determine whether to file a Rule 35(b) motion and because Haynes offered no evidence of improper motive, withdrawal of the motion was permissible under the plea agreement and the district court had no authority to reduce Haynes's sentence. R. 45 (Dist. Ct. Order at 1–2) (Page ID #172–73). This appeal followed.

---

[2]There is some ambiguity as to whether the district court simply allowed the government to withdraw its Rule 35(b) motion or expressly granted the government's motion to withdraw. *Compare* R. 53 (Hr'g Tr. 5/9/13 at 34:18–19) (Page ID #223) ("The ruling is that the government has withdrawn the motion for a downward departure under Rule 35(b)"), *with* R. 45 (Dist. Ct. Order at 2) (Page ID #173) ("grant[ing] the Government's motion to withdraw," yet, characterizing the Rule 35(b) motion as "having been withdrawn"). In either case, the district court ruled that withdrawal of the motion was proper because the government had authority to withdraw its Rule 35(b) motion under the terms of the plea agreement. *See* R. 53 (Hr'g Tr. 5/9/13 at 34:18–22) (Page ID #223); R. 45 (Dist. Ct. Order at 1–2) (Page ID #172–73).

## II. STANDARD OF REVIEW

The issue on appeal is whether the district court erred by ruling that the government had authority to withdraw its Rule 35(b) motion under the terms of the plea agreement. "Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). "[W]hether the government's conduct violated the agreement is a question of law that we review de novo." *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). Similarly, we review de novo the district court's interpretation of a plea agreement. *United States v. Fitch*, 282 F.3d 364, 366 (6th Cir. 2002). When a plea agreement provides the government with "'complete discretion' to file a motion for a downward departure, we limit our review to unconstitutional motives." *United States v. Villareal*, 491 F.3d 605, 608 (6th Cir. 2007) (citing *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000)). "[W]e do not review for bad faith when the decision to file a motion vests within the sole discretion of the government." *Id*.

## III. ANALYSIS

Haynes claims on appeal that the government breached the plea agreement because: the government did not reserve in the plea agreement its right to withdraw a Rule 35(b) motion and thus bargained away its right to withdraw the motion; and by filing the Rule 35(b) motion in the first instance, the government conceded that Haynes provided substantial assistance under Rule 35(b)(1), at which point the government should not have interfered with the district court's resolution of the motion. Haynes also argues that the district court should not have allowed the

government to withdraw the Rule 35(b) motion because the government's actions violated principles of fundamental fairness. For these reasons, Haynes claims that remand is necessary so the district court can consider whether a downward adjustment under Rule 35(b) is warranted.

We disagree. The plea agreement at issue gave the government "sole discretion" to determine whether Haynes provided substantial assistance to the government under Rule 35. R. 16 (Plea Agreement at 4) (Page ID #42). Moreover, the government promised only to "make an evaluation" of Haynes's assistance, further stressing that a motion for reduction in sentence "*may* be made pursuant to law, if and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others." *Id*. (emphasis added).

The government asserts that it evaluated whether Haynes's assistance was substantial. Following Haynes's testimony at trial, the government represents that it consulted the U.S. Attorney's Office's "downward departure committee" to consider whether Haynes's assistance warranted a sentence reduction under Rule 35(b). R. 33 (Gov't Notice of Intent Not to File Rule 35 Mot. at 3) (Page ID #115). Given Haynes's testimony at trial, the government declined to authorize the motion. *Id*.; *see also* R. 53 (Hr'g Tr. 5/9/13 at 5:22–6:1) (Page ID #194–95) (representing to the district court that "[a]ll of his testimony was relayed to the Departure Committee of the United States which made a decision that there will be no Rule 35 at least at the behest or at the request or the direction of the United States"). Because the plea agreement gave the government sole discretion to make that finding, we defer to the government's decision

absent a showing of unconstitutional motive, *see Moore*, 225 F.3d at 641, which Haynes does not attempt to establish here. *See United States v. Lukse*, 286 F.3d 906, 912 (6th Cir. 2002) ("[T]he simple denial of the value of such assistance in open court by the government is unreviewable, but for unconstitutional motivations.").

Haynes claims that the government could not withdraw its Rule 35(b) motion under the terms of the plea agreement because it failed to reserve its right to do so in the agreement itself. But so holding would require us to ignore completely the very substance of the government's "protective" Rule 35(b) motion. The government's Rule 35(b) motion did not provide any basis for the district court to grant a sentence reduction based on Haynes's cooperation up to that point. Nor does the record support such a finding—although Haynes made three proffers and testified before a grand jury, these occurred prior to sentencing and "Rule 35(b) operates *after* sentence has been imposed." *United States v. Bureau*, 52 F.3d 584, 594 (6th Cir. 1995) (internal quotation marks omitted) (emphasis in original).[3] Indeed, the government's "protective" motion did not even suggest that it had "made an evaluation" of Haynes's conduct as the plea agreement requires at the time it filed the motion. R. 22 (Gov't Request for Down. Dept. Pursuant to Rule 35) (Page ID #57); R. 16 (Plea Agreement at 3–4) (Page ID # 41–42).

---

[3]Although Rule 35(b)(3) permits the court to consider presentence cooperation when "evaluating" whether the defendant provided substantial assistance, FED. R. CRIM. P. 35(b)(3), Rule 35(b) is clear that it applies to cooperation that occurred "after sentencing." FED. R. CRIM. P. 35(b)(1); *see Bureau*, 52 F.3d at 594 (comparing the "temporal difference" between U.S.S.G. § 5K1.1, a "sentencing tool," and Rule 35, which "allows the court to *resentence* the defendant to reflect substantial assistance rendered after imposition of the initial sentence.") (internal quotation marks omitted) (emphasis in original).

Instead, the motion conditioned any request for a sentence reduction on Haynes's "future testimony" at an upcoming trial. R. 22 (Gov't Request for Down. Dept. Pursuant to Rule 35 at 2) (Page ID #58). The government made this clear in its response to the district court's request for an update when it asked the court to delay ruling on the Rule 35(b) motion until Haynes provided testimony in an anticipated proceeding. R. 24 (Gov't Status Update on Request for Down. Dept. at 2) (Page ID #63) (filed under seal). Given the discretion afforded it under the plea agreement, the government had authority to withdraw the Rule 35(b) motion after it evaluated the assistance provided by Haynes and determined it was not substantial. *See Shropshire v. United States*, 278 F. App'x 520, 526–27 (6th Cir. 2008) (holding the government did not breach the plea agreement when it withdrew its "saving motion" under Rule 35(b) based on a lack of substantial assistance by the defendant); *United States v. Hartwell*, 448 F.3d 707, 718 (4th Cir. 2006) ("We conclude that the language giving the government 'sole discretion' to file a Rule 35(b) motion also includes the discretion to file a motion to withdraw it.").

Haynes's reliance on *United States v. Padilla*, 186 F.3d 136 (2d Cir. 1999), to argue that the government may not withdraw a Rule 35(b) motion absent an express reservation of rights in the plea agreement is misplaced. In *Padilla*, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 that asserted that the defendant already "had provided substantial assistance in the investigation and prosecution of other persons." *Id*. at 139. And yet the government later withdrew the motion for a reason unrelated to the defendant's prior cooperation with the government, which the Second Circuit found was in violation of the plea

agreement. *Id*. at 139–42. Here, on the other hand, as set forth above, the government's "protective" Rule 35(b) motion suggested that the government had not yet evaluated whether Haynes had provided substantial assistance when it filed its motion, and instead asserted that it would make that determination based on Haynes's future assistance. Because the government had the "sole discretion" to do so under the plea agreement, withdrawing the motion following Haynes's performance at trial was consistent with the plea agreement.

Similarly, Haynes's claim that, by simply filing the Rule 35(b) motion, the government conceded that Haynes provided substantial assistance has no merit. Again, this is contrary to the substance of the government's "protective" motion—nothing suggests that the government filed its motion based on Haynes's cooperation up to that point; indeed, the government expressly asked the court to delay ruling on the Rule 35(b) motion because Haynes was expected to testify for the prosecution in a future trial. R. 22 (Gov't Request for Down. Dept. Pursuant to Rule 35 at 2) (Page ID #58); *see also* R. 24 (Gov't Status Update on Request for Down. Dept. at 1–2) (Page ID #62–63) (filed under seal) (stating that the government previously asked the court to delay ruling on the Rule 35(b) motion because "Haynes [sic] cooperation was expected to take place in the future"). Instead, it appears the government filed its Rule 35(b) motion because it believed it was required to do so under Rule 35(b)(1), which states that substantial assistance motions must be filed within one year of sentencing. *See* FED. R. CRIM. P. 35(b)(1); R. 22 (Gov't Request for Down. Dept. Pursuant to Rule 35 at 2) (Page ID #58) (stressing its motion was

"timely" under Rule 35(b)(1) because it was filed within one year of sentencing).[4] In any event, given that the government's motion clearly hinged on its evaluation of Haynes's future (rather than past) assistance, simply filing the Rule 35(b) motion did not obligate the government to seek a reduction in sentence under the terms of the plea agreement.

Finally, Haynes argues that we should remand for an evidentiary hearing to evaluate whether the government's decision to withdraw the Rule 35(b) motion "is consistent with the broader principles of fundamental fairness." Appellant Br. at 59. But that is not the standard in this court. Again, while other circuits disagree, we have held that when a plea agreement affords the government "'complete discretion' to file a motion for a downward departure, we limit our review to unconstitutional motives." *Villareal*, 491 F.3d at 608 (noting the circuit split) (citing

---

[4]Haynes argues that "protective" motions are no longer necessary following a 2002 amendment to Rule 35, which permits the government to file a substantial-assistance motion more than one year after sentencing. *See* FED. R. CRIM. P. 35(b)(2). This type of motion, in this context, is not uncommon. *See, e.g.*, *Shropshire*, 278 F. App'x at 527 (affirming withdrawal of government's Rule 35(b) "saving" motion); *Hartwell*, 448 F.3d at 718 (affirming withdrawal of government's Rule 35(b) "placeholder" motion); *United States v. Farmer*, 382 F. App'x 303, 305 (4th Cir. 2010) (holding that the government could withdraw its "placeholder" motion despite its representation that the defendant had provided some assistance); *United States v. Whitehead*, 217 F. App'x 537, 538–39 (7th Cir. 2007) (characterizing Rule 35(b)(1) "placeholder" motions as "routine"). Moreover, it appears Haynes was once on board with the government's approach—he conceded to the district court that "the Government clearly acted in good faith by initial [sic] filing the Motion to protect Mr. Haynes [sic] right to a Rule 35 departure at a later time *as it was clear to all parties* that his cooperation would not be completed within the one year time frame for filing a Rule 35 Motion." R. 40 (Def. Am. Resp. to Gov't Notice Not to File Rule 35 Mot. at 1) (Page ID #136) (emphasis added). In any event, we need not resolve the propriety of "protective" motions to address the issues before the court.

*Moore*, 225 F.3d at 641).[5]  This precludes any review for bad faith, rational basis, or the "broader principles" advocated by Haynes.  *See id.*; *United States v. Hawkins*, 274 F.3d 420, 428 (6th Cir. 2001) ("[B]ecause the defendant's plea agreement afforded the government 'complete discretion' to determine whether to file a [U.S.S.G. § 5K1.1] motion for downward departure, the panel 'may review the government's refusal *only* for unconstitutional motives.'") (quoting *Moore*, 225 F.3d at 641) (emphasis added); *Shropshire*, 278 F. App'x at 526 ("This court does not review for bad faith when the decision to file a [Rule 35(b)] motion vests within the sole discretion of the government."); *United States v. Muhammad*, 114 F. App'x 735, 737 (6th Cir. 2004) ("A refusal to ask for a [U.S.S.G. § 5K1.1] downward departure may only be reviewed for unconstitutional motives, such as race; review for bad faith or lack of rational basis is not permitted.").  That standard applies here, and Haynes's argument to the contrary fails.[6]  *See Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("[A] published opinion[] is binding on this panel.").

---

[5]Although *Villareal*, and other cases cited below, analyze this standard under U.S.S.G. § 5K1.1, the analysis is the same under Rule 35(b).  *See United States v. Grant*, 636 F.3d 803, 813, 815 (6th Cir. 2011) (en banc) (recognizing the "longstanding practice of interpreting . . . [Rule 35(b)] in lockstep with § 3553(e) and § 5K1.1" and citing cases); *United States v. Bowers*, 615 F.3d 715, 720 (6th Cir. 2010) ("Rule 35(b) motions are the post-sentencing analogues of government motions for downward departures pursuant to U.S.S.G. § 5K1.1 upon initial sentencing.").

[6]This Court has "elaborated on the strictly construed nature of our plea agreement review and advocated that we reexamine this issue en banc."  *Villareal*, 491 F.3d at 609 n.2 (citing *Hawkins*, 274 F.3d at 427–34).

## IV.  CONCLUSION

Because the government had authority to withdraw its Rule 35(b) motion under the terms

of the plea agreement, we **AFFIRM**.[7]

---

[7]Haynes has filed a motion to take judicial notice of certain documents from a related case.  But because we do not need to review these documents to resolve the issues before us, the motion is denied as moot.